UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY FRANCO,

Plaintiff,

-against-

CVS PHARMACY; HAMZA YOUSUF,

Defendants.
----------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER**

26-cv-6657 (BMC) (VMS)

**COGAN**, District Judge:

*Pro se* plaintiff Anthony Franco brings this action under 28 U.S.C. § 1332, alleging diversity of citizenship jurisdiction, and requests to proceed *in forma pauperis*. Plaintiff's request to proceed *in forma pauperis* is granted, but for the reasons discussed below, plaintiff's complaint is dismissed for lack of subject-matter jurisdiction.

**BACKGROUND**

Plaintiff alleges that on September 21, 2026, he went to a CVS store on Flatbush Avenue in Brooklyn to pick up his pre-ordered medication and was "belittled" by an employee, who then called his supervisor. The supervisor, defendant Yousef, allegedly made a racist comment to plaintiff. Specifically, plaintiff asserts that Yousuf said, "Why do black people like to cause problems." Plaintiff seeks an unspecified amount of monetary damages.

**DISCUSSION**

The Court has an obligation to examine its subject-matter jurisdiction *sua sponte*. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). If the Court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also

Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L., 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court should dismiss an action for lack of subject-matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it." (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000))). The two bases for federal jurisdiction are diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makaraova, 201 F.3d at 113. However, "[a] document filed *pro se* is to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

**I. § 1332 Jurisdiction**

Under 28 U.S.C. § 1332, federal courts have subject-matter jurisdiction if plaintiff and defendant are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012).

Plaintiff asserts that the Court has diversity of citizenship jurisdiction over his claims, but diversity of citizenship is lacking here because plaintiff is a citizen of New York and asserts that defendants are as well. See Ernest v. OCFS, 840 F. Supp. 3d 150, 158 (E.D.N.Y. 2026) ("[C]omplete diversity under 28 U.S.C. § 1332 is lacking, as all parties to this action are, as asserted … citizens of New York."). Moreover, plaintiff has failed to allege facts establishing the requisite amount in controversy. See Barnes v. Morgan & Morgan, No. 25-cv-3773, 2026 WL 1584592, at *3 (S.D.N.Y. June 1, 2026) (noting that where plaintiff has not alleged facts

showing that the amount in controversy exceeds $75,000, plaintiff has not met his burden of demonstrating diversity jurisdiction).

Accordingly, because plaintiff has not met either the complete diversity requirement or the amount-in-controversy requirement, plaintiff has failed to establish diversity jurisdiction.

**II. § 1331 Jurisdiction**

Under 28 U.S.C. § 1331, federal courts have subject-matter jurisdiction if federal law creates the plaintiff's cause of action or if the "well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" Bracey v. Bd. of Educ. of City of Bridgeport, 368 F.3d 108, 113 (2d Cir. 2004) (citation omitted).

Although plaintiff does not allege federal question jurisdiction, the Court construes his complaint liberally and thus considers whether plaintiff could have alleged federal question jurisdiction. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim" under federal law. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). If plaintiff had a colorable claim for racial discrimination, it would be under 42 U.S.C. § 1981.

"To establish a violation of Section 1981, a plaintiff must set forth facts to demonstrate that: (1) the plaintiff is a member of a racial minority; (2) [there was] an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as the making and enforcement of contracts." Alexander v. Stop & Shop Supermarket Co., LLC, No. 22-cv-9557, 2024 WL 4349016, at *4 (S.D.N.Y. Sept. 30, 2024) (internal quotation marks and citations omitted). To state a Section 1981 claim in the retail context specifically, a plaintiff must show that he was prevented from making a purchase. See Anacacy v. Panera, LLC, No. 19-cv-7126, 2021 WL 2431010, at *4 (E.D.N.Y. June 9, 2021) (explaining that "discriminatory acts occurring after the discrete

purchase … do not affect a plaintiff's contractual rights, and are not violations of § 1981"); Alexander, 2024 WL 4349016, at *4 ("In order to satisfy the third element of a Section 1981 'make and enforce contracts' claim, a plaintiff must present evidence that he was 'actually prevented from making a purchase.'").

Here, plaintiff cannot plead a colorable claim under Section 1981. He alleges that a CVS employee belittled him and a supervisor made a racist comment toward him. Although plaintiff's allegations describe objectionable conduct, they do not, without more, suggest a violation of federal law. Plaintiff does not allege any facts that suggest he was denied service, prevented from completing his transaction, or otherwise denied any rights because of his race.

Accordingly, even when liberally construed, the Court lacks federal question jurisdiction because there is no colorable claim arising under federal law.

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail copies of the judgment and this Memorandum Decision and Order to the *pro se* plaintiff, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: October 30, 2026
Brooklyn, New York